UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELMON MARZETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5270** |
| **SEATRADE REEFER CHARTERING, N.V. ET AL** | **SECTION "H"(1)** |

### ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Defendants have failed to adequately allege diversity jurisdiction in the Notice of Removal. Accordingly, Defendants shall amend the Notice of Removal to correct this jurisdictional defect within 20 days of the entry of this Order or the case will be remanded for lack of subject matter jurisdiction.

### BACKGROUND

This action was originally filed by Plaintiff in Louisiana state court. Shortly after it was filed,

Defendants removed the action to this Court. Defendants' notice of removal alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship. At a status conference held on November 15, 2013, the Court informed counsel for Defendants that the Notice of Removal did not contain a sufficient allegation of citizenship as to Defendant, Biehl & Co., L.P. Defendants were ordered to correct this defect within 20 days. On December 4, 2013, Defendants filed a Statement of Corporate Disclosure which alleged that Biehl & Co., L.P. has two partners: Biehl Management GP, LLC and Biehl Holdings LP. The Statement further alleges that Biehl Holdings LP has two partners: Biehl Management GP, LLC and Biehl International Corporation, a Texas corporation. The Statement does not allege the identity and citizenship of the Biehl Management GP, LLC's members, or the principal place of business of Biehl International Corporation.

**LAW AND ANALYSIS**

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). Subject matter jurisdiction in this case is allegedly premised upon diversity of citizenship. *See* 28 U.S.C. § 1332. Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v.*

2

*Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).  In this matter, the burden of proving complete diversity lies with Defendants.  *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).  To carry this burden, Defendants must "distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original) (internal quotation marks and citations omitted).

The manner in which a court determines the citizenship of juridical persons varies.  A corporation is a citizen of every state in which it is incorporated as well as the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1). Non-corporate entities, however, do not acquire state citizenship independent of the entity's owners. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 188–89 (1990).  Therefore, in order for a Court to determine the citizenship of an unincorporated association, such as a partnership, it must look to the citizenship of all the partners. *Id*. at 195–96.  Similarly, the "citizenship of a LLC is determined by the citizenship of all of its members."  *Harvey v. Grey Wold Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).  Accordingly, Defendants "must list the citizenship of each member of each limited liability company to properly allege diversity of jurisdiction." *Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc.*, No. 07–3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted); *see also Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, No. 3:12–CV–0149–D, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each

member of a limited liability company must be alleged.") (citations omitted); *Toney v. Knauf Gips KG*, No. 12–638–JJB–SCR, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member].") (internal footnote and citations omitted).

Neither the Notice of Removal or the Statement of Corporate Disclosure properly alleges the citizenship of Biehl & Co., L.P.. In order for this Court to determine the citizenship of Biehl & Co., L.P. it must know the identity and citizenship of all the partners. Defendants have notified the Court that Biehl & Co., L.P. has two partners, an LLC and another partnership. In order to adequately plead citizenship for diversity purposes, Defendants must plead the citizenship of both partners. Therefore, Defendants must plead the citizenship of all the partners, as well as the members of the LLC. If some of the LLC's members are themselves unincorporated associations, Defendant must also plead the identity and citizenship of those entities.

**CONCLUSION**

Because Defendants' Notice of Removal fails to adequately allege jurisdiction, the Court ORDERS that Defendants amend the Notice of Removal within 20 days of the entry of this Order to properly allege jurisdiction or the case will be remanded for lack of subject matter jurisdiction. No further extensions will be granted.

New Orleans, Louisiana, this 5th day of December, 2013.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**