UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELMON MARZETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5270** |
| **SEATRADE REEFER CHARTERING, N.V. ET AL** | **SECTION "H"(1)** |

## ORDER AND REASONS

Before the Court are a flurry of evidentiary and pre-trial motions, namely Plaintiff's Motion to Exclude Evidence and Experts of Cognitive Function, Drug Use, Incarceration, and Associated Damages (R. Doc. 105); Defendants' Motion to Strike or Limit Testimony of Experts Regarding Cognitive Injury and Neurophysical Functioning (R. Doc. 109); and Plaintiff's Motion to Strike Dr. Kevin Bianchini's Supplemental Report (R. Doc. 111). For the following reasons, Plaintiff's Motion to Exclude Evidence and Experts of Cognitive Function, Drug Use, Incarceration, and Associated Damages (R. Doc. 105) is GRANTED IN PART; Defendants' Motion to Strike or Limit Testimony of Experts Regarding Cognitive Injury and Neurophysical Functioning (R. Doc. 109) is GRANTED; and

1

Plaintiff's Motion to Strike Dr. Kevin Bianchini's Supplemental Report (R. Doc. 111) is GRANTED.

## BACKGROUND

Plaintiff, a longshoreman, alleges that he was injured when a ladder snapped while he was loading cargo on a vessel owned by Defendants, causing him to fall several feet onto the floor of the vessel. Plaintiff originally brought claims for damages resulting from cognitive impairment, brain injury, and neuropsychological functioning. However, less than two weeks before trial, Plaintiff withdrew those claims. Plaintiff's claims for past and future medical expenses, past and future pain and suffering, disfigurement, past and future lost wages, and interest and costs remain pending. The issues presented by the Motions currently before this Court arise out of the admissibility of evidence in light of Plaintiff's withdrawal of his claim for mental damages.

## LAW AND ANALYSIS

The crux of the parties' argument is this: Plaintiff argues that no evidence of his cognitive impairment, drug use, or incarcerations is admissible because it is no longer relevant in light of the withdrawal of his claim for mental damages; Defendants argue that this information remains relevant to Plaintiff's claim for future lost earnings. This Court agrees with Defendants that much of this information remains relevant. Indeed, several courts have held that evidence of criminal convictions, imprisonment, and substance abuse are relevant to the

issues of future lost wages and employability.[1]

In addition, the Court is unconvinced by Plaintiff's argument that because a lost future earnings award calculation must begin with the gross earnings of the injured party at the time of the accident, extrinsic evidence cannot be admitted to decrease that amount. Indeed, in *Masinter v. Tenneco Oil Co.*, the Fifth Circuit approved of a lost earnings calculation that began with the amount the Plaintiff had earned at the time of the injury and then reduced that amount by 25 percent in light of "the dramatic reduction of the oil and gas work force attributable to the sharp decline in oil prices."[2] This holding indicates that relevant extrinsic evidence is admissible to reduce a future lost earnings award. Accordingly, this Court holds that much of the evidence that Plaintiff sought to exclude by withdrawing his cognitive damages claim is admissible. This ruling is, however, not without limitation.

First, this Court denies Plaintiff's request to exclude evidence of his history of drug use. This Court finds Plaintiff's history of drug abuse to be

---

[1] *See Butler v. French*, 83 F.3d 942, 945 (8th Cir. 1996) (stating that allowing evidence of alcohol abuse to decrease future lost income was not plain error); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1475 (11th Cir. 1984) (approving of the admission of evidence that plaintiff's "vocational outlook would be much brighter if he did not indulge in alcohol and drugs"); *Clark v. W & M Kraft, Inc.*, 476 F. App'x 612, 617 (6th Cir. 2012) (stating that prior substance abuse and jail time were relevant to future-earnings calculation especially to rebut plaintiff's earning calculation, which did not take incarceration into consideration); *McIntyre v. Bud's Boat Rental, L.L.C.*, No. 02-1623, 2003 WL 22174236, at *4 (E.D. La. Sept. 9, 2003) ("[P]laintiff's multiple convictions and probation violations are more indicative of substance abuse, and thus more relevant to the potential calculation of damages in this case.").

[2] *Masinter v. Tenneco Oil Co.*, 867 F.2d 892, 899 (5th Cir. 1989).

highly probative of his future employability and earning potential.[3]

In that same vein, the Court holds that evidence of Plaintiff's criminal convictions are relevant and admissible unless limited by Federal Rule of Evidence 609. That said, evidence of a conviction will not be admitted "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later."[4] In addition, evidence of an arrest that has not resulted in a conviction is inadmissible.[5] The Court will allow questioning, however, on Plaintiff's participation in court-ordered rehabilitation.

Next, this Court will address the admissibility of the parties' various experts in light of the aforementioned. First, this Court agrees with Plaintiff that the testimony of Dr. Bianchini, Defendants' expert neurophysician, is no longer relevant. Dr. Bianchini's report merely examines and discusses the cause of Plaintiff's cognitive injuries. This testimony will do nothing to aid the trier of fact in determining Plaintiff's future earning capacity. Accordingly, the expert testimony of Dr. Bianchini is excluded. In addition, Plaintiff has agreed to withdraw the expert testimonies of his neurophysical experts, Drs. Pollock and Lilly.

In light of this holding, this Court also grants Defendants' request to limit the testimony of Plaintiff's medical expert Dr. Cowen and vocational expert Dr. Peterson to exclude any discussion of Plaintiff's cognitive issues. Dr. Cowen's

---

[3] *See McIntyre v. Bud's Boat Rental, L.L.C.*, No. 02-1623, 2003 WL 22174236, at *4 (E.D. La. Sept. 9, 2003).

[4] Fed. R. Evid. 609.

[5] *United States v. Musgrave*, 483 F.2d 327, 338 (5th Cir. 1973).

4

life care plan includes a discussion of Plaintiff's cognitive injuries and the costs associated with such.  Dr. Peterson's report relies heavily on Plaintiff's cognitive injuries for his opinion that Plaintiff is totally vocationally disabled.  While these experts will be permitted to testify, their testimony may not include a discussion of Plaintiff's cognitive functioning and must be limited to his physical limitations.

Plaintiff additionally asks the Court to exclude the supplemental reports of Defendants' vocational expert Dr. Stokes and economist Mr. Boudreaux.  Plaintiff argues that these supplemental reports were untimely because they were not issued until two weeks before trial and after Plaintiff withdrew his claim for mental damages.

Dr. Stokes's supplemental report seeks to amend his opinion to state that Plaintiff's substance abuse problem may be an "insurmountable barrier to his future employment."[6]  It is clear, however, from Dr. Stokes's original report that he was well aware of Plaintiff's history of drug use and incarceration when he initially opined that Plaintiff could obtain employment earning similar wages to those he earned before the accident.  Accordingly, this Court agrees with Plaintiff that Dr. Stokes's supplemental report is untimely, and testimony regarding his amended opinion is excluded.

Likewise, Mr. Boudreaux issued a supplemental report shortly before trial.  This report, however, merely updated his calculations in light of the new trial date.  This addendum does not prejudice the parties, and this Court sees no

---

[6] R. Doc 105-K.

5

reason why its discussion should be excluded.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Exclude Evidence and Experts of Cognitive Function, Drug Use, Incarceration and Associated Damages (R. Doc. 105) is GRANTED IN PART; Defendants' Motion to Strike or Limit Testimony of Experts Regarding Cognitive Injury and Neurophysical Functioning (R. Doc. 109) is GRANTED; and Plaintiff's Motion to Strike Dr. Kevin Bianchini's Supplemental Report (R. Doc. 111) is GRANTED.

New Orleans, Louisiana, this 26th day of March, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**